*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2003 FED App. 0380P (6th Cir.)
File Name: 03a0380p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

RICHARD M. FRAZIER,
  *Petitioner-Appellant,*

  *v.*                                    No. 01-3122

STEPHEN J. HUFFMAN,
Warden,
  *Respondent-Appellee.*

_____

Filed:  October 28, 2003

Before:  BATCHELDER, CLAY, and GILMAN, Circuit
Judges.

_____

**SUPPLEMENTAL ORDER**

_____

  RONALD LEE GILMAN, Circuit Judge.  Following the issuance of this court's opinion, found at 343 F.3d 780 (6th Cir. 2003), Richard M. Frazier filed a petition to rehear.  His petition is based on the concern that the concluding paragraph of our opinion could be interpreted as foreclosing his right to argue in the state courts of Ohio that § 2929.06 of the Ohio Revised Code, enacted in 1996, is not retroactive to his offense, which occurred in 1990.  We recognize that this is

still an open question under Ohio law.  *State v. Gross*, 97 Ohio St.3d 121, 776 N.E.2d 1061, 1114-16 (Ohio 2002) (Resnick, J., concurring in part and dissenting in part).

  Frazier's right to argue this issue of state law in the Ohio courts is not foreclosed by our opinion.  To remove any doubt on this point, however, we amend our opinion by striking the concluding paragraph in its entirety and substituting the following in lieu thereof:

### III. CONCLUSION

  For all of the reasons set forth above, we **REVERSE** in part the judgment of the district court, **GRANT** Frazier a conditional writ of habeas corpus that will result in the vacation of his death sentence unless the state of Ohio commences a new penalty-phase trial against him within 180 days from the date that the judgment in this matter becomes final, and **REMAND** the case for further proceedings consistent herewith.  If the State does elect to initiate such a proceeding, we presume that the state court will first have to determine whether § 2929.06 of the Ohio Revised Code is retroactive.  Only if the state court resolves the issue in the State's favor would the prosecution be free to conduct a new penalty phase proceeding if it chooses to do so.

  Judge Batchelder, while continuing to adhere to her dissent in all respects, concurs in this Supplemental Order for the sole purpose of clarifying that Frazier's right to challenge the applicability of § 2929.06 of the Ohio Revised Code to his case is not foreclosed by the majority's opinion.

  In light of the foregoing revision, we find no reason to have this case reheard.  Frazier's petition to rehear is therefore **DENIED**.

————————

**DISSENT**

————————

CLAY, Circuit Judge, dissenting. I question the propriety of Judges Gilman and Batchelder utilizing the vehicle of a petition for rehearing to provide an advisory legal opinion with respect to an issue that was never raised or briefed by the parties below or on appeal when the parties fully had an opportunity to do so. Such is not the proper use of a petition for rehearing. "A petition for rehearing is intended to bring to the attention of the panel claimed error of fact or law in the opinion." 6 Cir. I.O.P. 40(a). More importantly, Judge Batchelder continues to abide by her previously filed dissenting opinion in this matter. She has not relinquished her dissent, either in full or in part, by joining the majority opinion and has not concurred even partially in the majority opinion. I therefore do not believe it is proper for Judge Batchelder to vote to grant the petition for rehearing by voting to revise the majority opinion—in which she does not join—by voting for the Supplemental Order. It is my understanding that Judge Batchelder, by her dissent, continues to dispute both the reasoning of the majority opinion and the relief afforded in the form of a new penalty phase trial. Although I have not found any Sixth Circuit authority which directly addresses this situation, it certainly seems contrary to our Court's policies and procedures to think that a judge can participate in redrafting an opinion that she does not join, or participate in determining the relief to be afforded, even on a petition for rehearing, when she rejects the notion that there is any legal basis for the relief requested by the petitioner. In other words, I do not see how a member of the Court can dissent and participate in formulating the relief afforded by an opinion that he or she dissents from. Put another way, there is no legally cognizable majority vote for the Supplemental Order, notwithstanding Judge Gilman's assertions to the contrary. As a result, the Supplemental Order is of no force or effect. Notwithstanding my belief that the Supplemental Order is of no legal import or guidance for the parties or members of the public, out of an abundance of caution, I will proceed to address the substantive points of the Supplemental Order.

Although § 2929.06 of the Ohio Revised Code was enacted in 1996, Petitioner never argued to the district court or to this Court on appeal that this section applies retroactively so as to preclude him from being subjected to a second mitigation hearing upon remand. In fact, Petitioner specifically sought a new guilt phase trial as well as a new mitigation hearing before the district court and argued on appeal that the district court erred in failing to grant his application for the writ on either basis. Now, after being provided the relief that he sought in the form of a new mitigation hearing, Petitioner argues in a petition for rehearing that, because this Court's remand order failed to consider his after-the-fact argument that § 2929.06 may retroactively preclude him from being subjected to a new mitigation hearing, his case should be reheard. The relief Petitioner actually seeks from this Court *for the first time* by way of his petition for rehearing is an adjudication to the effect that the purely state law issue remains open in the Ohio courts as to whether § 2929.06 applies retroactively. *See State v. Gross*, 776 N.E.2d 1061, 1114-16 (Ohio 2002) (Resnick, J., concurring in part and dissenting in part).

Issues raised for the first time in a petition for rehearing are generally not considered. *See United States v. Perkins*, 994 F.2d 1184, 1191 (6th Cir. 1993) (finding that the Court will not consider issues which are raised for the first time on appeal in a party's reply brief); *United States v. Cross*, 308 F.3d 308, 314 (3d Cir. 2002) (finding that raising an issue for the first time in a petition for rehearing en banc fails to preserve the issue for subsequent review). Thus, this Court should not consider Petitioner's retroactivity issue at this time, whether by issuing a supplemental order or otherwise. Furthermore, there is no reason to address the retroactivity issue as a part of the remand order since there is nothing in

the original opinion's remand order to prevent the state court from deciding to entertain, or not to entertain, the retroactivity issue.

As to the § 2929.06 retroactivity issue, Petitioner's case is distinguishable from the petitioner's case in *DePew v. Anderson*, 311 F.3d 742 (6th Cir. 2002). In *DePew*, the retroactivity issue was raised and squarely addressed by the district judge such that it was necessary for this Court to speak on it as well. Specifically, in the remand order in *DePew,* we opined as follows:

As a general rule, the relief given in a federal habeas case challenging a death sentence is a conditional order vacating the sentence unless the defendant is resentenced within a set period of time, usually 180 days. The magistrate judge herein recommended such a conditional order, but the district court judge did not adopt that recommendation because the law of Ohio, as it existed when defendant committed the crimes herein, did not allow imposition of the death penalty upon resentencing. On that basis, the district court instead granted an unconditional writ, vacating the death sentence. However, as recognized by the district court judge in his order, the matter of resentencing is for the courts of Ohio to address and we leave resolution of the state question to them.

For the foregoing reasons, the judgment of the district court is affirmed in part as to the vacating of the death sentence, reversed in part as to the grant of an unconditional writ and remanded with instructions to conditionally grant the writ unless the State of Ohio elects to initiate resentencing proceedings within 180 days of the district court's order.

*Id.* at 754. Thus, unlike in this case, in *DePew* the retroactivity issue was raised and addressed in the first instance by the district court.

Significantly, even though the issue of whether DePew could lawfully be resentenced to death was raised and addressed, this Court's remand order did not so much as imply that the state court should consider the issue before proceeding with the resentencing; rather, DePew's case was remanded "with instructions to conditionally grant the writ unless the State of Ohio elects to initiate resentencing proceedings within 180 days of the district court's order." *Id.* Thus, since this Court in *DePew* did not suggest that the state court could or should consider the retroactivity issue on remand when the issue had been raised by the petitioner, we should not do so in this case where the issue was not previously raised.

Of course, Petitioner is free to raise the retroactivity issue before the state trial court, as he is free to raise any other defense as to why he should not be subject to the death penalty; however, where this issue was never raised by Petitioner up until this point, this Court should not use its heavy hand to urge the state court to consider it now. Indeed, the state court should not interpret the Supplemental Order as suggesting that it should or should not consider Petitioner's retroactivity claim.

In summary, because the Supplemental Order appears to be issuing on an improper basis procedurally and is substantively unnecessary, I respectfully dissent.

ENTERED BY ORDER OF THE COURT

/s/ Leonard Green

_____
Clerk